FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ OCT 08 2010 ★

BROOKLYN OFFICE

ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

MICHAEL CABAN,

                                          Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICERS JOHN
DOES 1-4,

                                        Defendants.
------------------------------------------------------------ x

**COMPLAINT**

10 4619

Jury Trial Demanded

AMON, J.

BLOOM, M.J.

## PRELIMINARY STATEMENT

1. This is a civil rights action alleging that the City of New York and approximately four New York City Police Officers of the 120th Precinct in Staten Island violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution by using unreasonable force while arresting him on May 27, 2010 for allegedly assaulting another civilian. The criminal case against plaintiff is still pending in Criminal Court but is unrelated to this action because plaintiff is not claiming false arrest and not being charged with assault on a police officer or resisting arrest.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District, and because some or all of the defendants reside in this District.

## PARTIES

4. Plaintiff is a United States Citizen who resides in Kings County.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Police Officers John Does 1-4 are members of the New York City Police Department who were employed out of the 120th Precinct on May 27, 2010. Defendants were acting under color of state law and in their capacities as police officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7. On May 27, 2010, at approximately 2:45 a.m., plaintiff was sitting on the stoop of his friend Emmanuel Gonzalez's house at 88 Broad Street in Staten Island talking with Gonzalez and plaintiff's girlfriend Jacqueline Herrera.

8. On the above date, plaintiff's right arm was in a sling because plaintiff was recovering from orthopedic surgery to his right shoulder that took place on March 25, 2010.

9. While plaintiff was sitting on the stoop with Gonzalez and Herrera, a fight involving several males occurred in the vicinity.

10. Plaintiff was not involved in the fight.

11. Numerous police officers responded to the location.

12. Although plaintiff was not involved in the fight, approximately four male police officers seized plaintiff for the purpose of arresting him.

2

13. Although plaintiff did not assault the officers or resist arrest, the four officers, acting in concert, disregarded the fact that plaintiff's right arm was in a sling and plaintiff's statements that he was recovering from surgery and twisted plaintiff's right arm behind him in an unnatural manner in order to handcuff him.

14. The officers' actions caused serious injury to plaintiff's right shoulder.

15. Further, the officers intentionally handcuffed plaintiff excessively tight in order to inflict maximum pain.

16. Two police officers subsequently took plaintiff and Gonzalez to the 120th Precinct.

17. In order to make plaintiff suffer as much pain as possible, officers left the handcuffs on plaintiff after putting him in a cell.

18. Some time later, an ambulance arrived at the precinct and took plaintiff to Richmond University Hospital.

19. Doctors took x-rays of plaintiff's shoulder, treated him, and the escorting police officer took plaintiff back to the 120th Precinct.

20. During the afternoon of May 27, officers took plaintiff to Central Booking.

21. Plaintiff was eventually arraigned and taken to Rikers Island. Approximately one week later, plaintiff made bail and was released.

22. Because of defendants' use of unreasonable force, plaintiff underwent a second orthopedic surgery to his right shoulder on September 14, 2010.

3

23. The orthopedic surgeon diagnosed plaintiff as having a right shoulder impingement, a partial thickness rotator cuff tear, and degenerative joint disease of the acromioclavicular joint.

24. The criminal case against plaintiff is still pending in Criminal Court and is expected to end soon. The docket number is 2010RI005048.

25. Plaintiff suffered damage as a result of defendants' actions. Defendants' unreasonable force caused plaintiff to suffer pain and the injuries described in ¶ 23. Further, defendants' actions resulted in plaintiff having to experience the pain, inconvenience, and suffering of a second surgery. Finally, defendants' actions caused plaintiff to suffer mental anguish, emotional distress, fear, humiliation, and anxiety.

## FIRST CLAIM

### (UNREASONABLE FORCE)

26. Plaintiff repeats the foregoing allegations.

27. Defendants' use of force upon plaintiff or failure to intervene, as described herein, was objectively unreasonable and caused plaintiff pain and serious injury that required medical treatment.

28. Accordingly, defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force.

## SECOND CLAIM

### (MONELL CLAIM AGAINST THE CITY OF NEW YORK)

29. Plaintiff repeats the foregoing allegations.

30. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

4

31. Upon information and belief, the City of New York, at all relevant times, was aware that the officers who beat plaintiff are unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, and/or have been inadequately trained.

32. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, retrain, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a. Compensatory damages in an amount to be determined by a jury;

    b. Punitive damages in an amount to be determined by a jury;

    c. Attorney's fees and costs;

    d. Such other and further relief as the Court may deem just and proper.

DATED: October 7, 2010
Brooklyn, New York

RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391